# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:25-CR-00124-JCB** |
| **vs.** | § | |
| | § | |
| | § | |
| **STEFOND DJUAN BELL (1)** | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On May 8, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision.  The Government was represented by Assistant United States Attorney Jim Noble.  Defendant was represented by Assistant Federal Defender David Barlow.

### *Background*

After pleading guilty to the offense of Possession of a Firearm by a Convicted Felon, a Class C felony, Stefond DJuan Bell was sentenced on June 6, 2023, by United States District Judge Barbara M.G. Lynn, Northern District of Texas.  The offense carried a statutory maximum imprisonment term of 10 years.  The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of VI, was 33 to 41 months.  The Court sentenced Defendant to imprisonment for a term of 39 months, followed by a 3-year term of supervised release, subject to the standard conditions of supervised release and special conditions to include participation in mental health treatment, participation in substance abuse testing and treatment, access to all business and personal financial information, and a $100 special assessment fee.  Defendant completed his term of imprisonment and started his term of supervised release on January 10, 2025.  Due to pending state charges, Defendant was in the custody of the Gregg County Jail from

1

January 13, 2025 to June 9, 2025.  On December 11, 2025, the Eastern District of Texas accepted a transfer of jurisdiction and the case was assigned to United States District Judge J. Campbell Barker.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on January 12, 2026, United States Probation Officer Cristian Duran alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.**  It is alleged that Defendant committed the offenses of Evading Arrest Detention with Previous Conviction, a state jail felony, and Fail to Identify Fugitive Intent Give False Information, a class A misdemeanor, on November 11, 2025.

2. **Allegation 2 (standard condition 7): The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses him from doing so.  If the defendant does not have full-time employment he must try to find full-time employment, unless the probation officer excuses him from doing so.  If the defendant plans to change where he works or anything about his work (such as his position or his job responsibilities), he must notify the probation officer at least 10 days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change.**  It is alleged that Defendant failed to provide verification of his employment status as instructed by the U.S. Probation Officer.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1). In the

present case, Defendant's original offense of conviction was a Class C felony.  Accordingly, the maximum imprisonment sentence that may be imposed is 2 years.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Evading Arrest Detention with Previous Conviction, a state jail felony, he is guilty of a Grade B violation.  U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category was VI.  The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 21 to 27 months, capped by the statutory maximum of 2 years.  If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Failing to Identify Fugitive Intent Give False Information, a class A misdemeanor, or by failing to provide the U.S. Probation Office with verification reflecting his employment status as instructed, he is guilty of a Grade C violation.  U.S.S.G. § 7B1.1(a).  With Defendant's original criminal history category of VI, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 8 to 14 months.

### *Hearing*

On May 8, 2026, Defendant appeared for a final revocation hearing.  Assistant United States Attorney Jim Noble announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of imprisonment for a term of 12 months and day, with no further term of supervised release.  After the Court explained to Defendant his right to a revocation hearing, he waived his right to a

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (5th Cir. 2005) (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); *see also United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Pollock.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 12 months and 1 day, with no further term of supervised release. Through an individualized assessment, I determined that no new term of supervised release is warranted. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 12 months and 1 day, with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Pollock.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to

the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 12 months and 1 day, with no further term of supervised release.

So ORDERED and SIGNED this 8th day of May, 2026.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

5